

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. CR-1-05-71 |
| Plaintiff, | : | |
| | : | **ORDER FOR** |
| v. | : | **CONDITIONAL RELEASE** |
| | : | |
| **COURTNEY ANN McFINLEY** | : | |
| Defendant. | : | Judge Sandra S. Beckwith |

---

This matter is before the Court, pursuant to 18 U.S.C. § 4243, upon stipulation of the parties.

On September 12, 2006, this Court found defendant McFinley not guilty only by reason of insanity, pursuant to 18 U.S.C. § 4242(b)(3), of the offense of mailing threatening communications, in violation of 18 U.S.C.§ 876.

The Court committed defendant McFinley to the custody of the Attorney General or her authorized representative for hospitalization in a suitable facility until she is eligible for release, pursuant to 18 U.S.C. § 4243.

In a Pre-Release Review performed by mental health professionals at the United States Medical Center, a team of professionals concluded, "It is the opinion of our clinical staff that Ms. McFinley has recovered from her mental illness to such an extent that her conditional release, under a prescribed regimen of treatment, would no longer create a substantial risk of bodily injury to

another person or serious damage to the property of another." (March 3, 2008, Letter from Christopher McGee, clinical social worker.) The pre-release panel enumerated several conditions of release, including the continuation of McFinley's regimen of medication, participation in mental health programs as deemed necessary, residence in a supervised residential facility, and supervision of McFinley by the United States Probation Office.

Based upon the Social Worker Conditional Release Plan, prepared by the United States Medical Center for Federal Prisoners at Carswell, Ft. Worth, Texas, the parties agreed that the defendant's conditional release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another so long as she receives ongoing psychiatric treatment, monitoring, and medication, pursuant to 18 U.S.C. § 4243(f)(2).

On June 30, 2008, the Court ordered that the defendant, Courtney McFinley be released from the U.S. Bureau of Prisons on the condition that she comply with the following conditions of her Conditional Release: a prescribed regimen of medical, psychiatric, and psychological care arranged by the United States Probation Office and the Bureau of Prisons.

On April 26, 2012, an arrest warrant was issued for the defendant based on an alleged violation of her Conditional Release. Following a hearing on June 20, 2012, the Court determined that the following conditions of release were appropriate:

## Terms of Conditional Release

DEFENDANT COURTNEY ANN McFINLEY IS HEREBY ORDERED RELEASED under the following terms and conditions:

1. That she continue to be medication compliant and take prescribed medications as ordered and as may be adjusted by her treating psychiatrist in the community.

2. That she undergo serum blood screens as ordered by her physician to insure a therapeutic range of the medication.

3. That she participate in mental health programs and supportive type therapies as deemed necessary by mental health professionals. This would include voluntary admission to a local psychiatric hospital on inpatient status should it become necessary.

4. That she abstain from alcohol and drug use and submit to testing for such use.

5. That the U.S. Probation Office, Southern District of Ohio, in Cincinnati, Ohio, supervise and monitor Ms. McFinley's conditional release program. This will include her voluntary consent to release of information between her probation officer and treating mental health staff.

6. While on conditional release, she shall not commit a Federal, state, or local crime and shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

7. The defendant shall not possess a firearm or destructive device. Probation must be revoked for possession of a firearm.

8. It is the order of the Court that she shall comply with the following standard conditions:

(1) You shall report to the probation officer as directed by the Court or probation officer;

(2) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(3) You shall notify the probation officer 10 days before any change of residence or employment;

(4) You shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(5) You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(6) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(7) You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

(8) You shall not leave the judicial district without the permission of the Court probation officer.

9. The defendant shall also comply with the following special conditions:

(A) Increase the treatment regimen to weekly individual sessions at Ikron, monthly medication monitoring by the psychiatrist, and quarterly blood tests to verify the appropriate levels until deemed a lesser frequency of treatment is appropriate by the probation officer.

(B)   Meet with her case manager two to four times weekly for monitoring.

The United States Probation Officer assigned to monitor the conditional release shall immediately notify the Court in writing of a violation of any of the foregoing terms of conditional release.

**IT IS SO ORDERED.**

_____
**Sandra S. Beckwith, Senior Judge**
**United States District Court**

Certified as a True Copy

on _____.

United States District Court
Southern District of Ohio

by _____
   Deputy Clerk